[S. F. No. 1383. In Bank.—December 10, 1900.]

## J. J. RAUER, Respondent, v. JOSEPH MERANI et al., Appellants.

GOODS SOLD—TERM OF CREDIT—EVIDENCE.—Where goods are sold on credit, an action cannot be maintained for the purchase price until after the expiration of the term of the credit. In this case the evidence shows a sale on credit and that the action, as to a part of the purchase price, was commenced before the term of the credit had expired.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order refusing a new trial. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

James A. Devoto, for Appellants.

George H. Perry, for Respondent.

BEATTY, C. J.—This is a suit to recover the price of goods sold. Plaintiff had judgment, and defendants appeal from the judgment and from an order denying a new trial.

The claim on the part of appellants is that the action was commenced before payment was due, and their evidence is to the effect that the goods were sold on thirty, sixty and ninety days' time, as evidenced by three promissory notes executed and delivered by them, payable September 15th, October 15th, and November 15th. The complaint was filed August 28th.

The assignors of plaintiff, who sold the goods, testified that although the notes referred to were executed and tendered by defendants, they were not accepted, and that the sale was not upon the time specified therein. As to the real terms of the sale the testimony of one of the vendors was quite indefinite, but not inconsistent with that of his copartner, who stated that the goods were sold on Saturday and were to be paid for, one hundred dollars on the following Monday, one hundred dollars the following week, and the balance the week following. As the whole of the second and third weeks, respectively, were allowed for the second and third payments, there was a credit of fourteen and twenty-one days given according to the only evidence introduced by the plaintiff.

The goods were sold in August, but the evidence does not show at what date, and, consequently, it does not appear that more than one hundred dollars was due at the time the action was commenced. If the sale took place on the 15th, as may be inferred from the evidence of defendants that their first (or thirty-day) note was made payable on September 15th, the final payment, even according to plaintiff's evidence, was not due on August 28th, when the complaint was· filed. This being so, the judgment, which was for the whole price of the goods, is unsupported by the evidence.

The judgment and order appealed from are reversed, and cause remanded.

Temple, J., Van Dyke, J., Garoutte, J., and McFarland, J., concurred.